**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Naomi B. Spector, Esq. (222573)
naomi@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:   (800) 520-5523
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DERRICK ANDERS,** | **Case No.:**  '15CV1881 GPC WVG |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | **I.     THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;** |
| **EXPERIAN INFORMATION SYSTEMS, INC., and VERIZON COMMUNICATIONS INC., D/B/A VERIZON WIRELESS,** | **II.    CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,** |
| Defendants. | **III.   NEGLIGENCE** |
| | **JURY TRIAL DEMANDED** |

**HYDE & SWIGART**
San Diego, CA

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to: the number of personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., to eliminate abusive debt collection practices by debt collectors.  In addition, Congress sought to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  DERRICK ANDERS ("Plaintiff"), by Plaintiff's attorneys, brings this action against EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and VERIZON COMMUNICATIONS INC. doing business as VERIZON WIRELESS ("Verizon") (collectively, "Defendants") based on negative and erroneous credit reporting that has been made, and continues to be made, on Plaintiff's account to national reporting agencies, following discharge of Plaintiff's debt through Chapter 7 Bankruptcy.

//

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b).

4.   In addition, in contravention of their obligations under the Fair Credit Reporting Act, Defendants failed to investigate, verify and/or remedy the incorrect reporting on Plaintiff's account.

5.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.   Unless otherwise stated, Defendants engaged in the alleged conduct in California.

8.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9.   Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named.

## JURISDICTION AND VENUE

10.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1681p ("An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy . . . ."). Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

11.   This action arises out of Defendants' (i) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"); (ii) violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq.* ("CCCRAA"); and (iii) negligence.

12.   Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

### PARTIES

14. Plaintiff is a natural person who resides in the County of San Diego, State of California who is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

15. Plaintiff is informed and believes, and thereon alleges, that Experian is a corporation incorporated in the State of Ohio.

16. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

17. On information and belief, Defendant Verizon Wireless is a wholly owned subsidiary of Verizon Communications Inc. (hereinafter "Verizon"), incorporated in Delaware, with its principal place of business in New York. Defendant Verizon is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff was an individual residing in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

**A.** **Defendant Verizon Unlawfully Reported Post-Bankruptcy Derogatory Information**

21. In or about December of 1994, Plaintiff allegedly incurred a debt to Verizon (the "Debt").

22. On or about October 30, 2012, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the Southern District of California.   Plaintiff's case was assigned Case Number 12-14508 (the "Bankruptcy").

23. On or about February 5, 2013, Plaintiff received a Bankruptcy discharge.

24. Defendant Verizon did not file any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

25. Defendant Verizon also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability on the underlying Debts.

26. Accordingly, the Debt to Defendant Verizon was discharged through the Bankruptcy.

27. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for Defendant Verizon to report any post-Bankruptcy derogatory collection information.

28. Defendant Verizon reported post-Bankruptcy derogatory credit information, thereby causing erroneous and negative credit information in Plaintiff's credit files to his detriment.

//

//

HYDE & SWIGART
San Diego, CA

29. Defendant Verizon's attempt to collect upon its Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

**B.      Verizon Misreported Credit Information Re: Account 2522437410**

30. In an Experian report dated June 8, 2015, Verizon reported the following inaccurate, derogatory information:  "Status:  Collection account $327 past due as of May 2015."   The report also states "Status Details:  This account is scheduled to continue on record until May 2020."

31. The Experian report further notes that the "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)."

32. Verizon's reporting of derogatory information on Plaintiff's account after October 30, 2012, the date on which Plaintiff filed for Bankruptcy, was inaccurate and unlawful.

33. Plaintiff disputed Verizon's reported information by notifying it, in writing, of the incorrect and inaccurate credit information furnished by Verizon,

34. Specifically, on September 19, 2014, Plaintiff sent a letter to Verizon requesting that Verizon provide him with detailed information for "data you forwarded to any credit reporting agencies" concerning Plaintiff.   Plaintiff stated that "errors may be present in what was reported" and asked Verizon to provide "in-depth documentation."

35. Plaintiff sent another, similar letter to Verizon on November 14, 2014, and again requested a full documentary review of information that he believed was incorrectly reported.

36. Plaintiff sent additional, similar letters to Verizon, requesting substantiation of information sent to the credit bureaus, and informing Verizon of likely errors in the materials, on the following dates:  (1) January 9, 2105; (2) March 13, 2015; (3) June 12, 2015; and (4) July 10, 2015.  Each of these letters requested that, if a reporting error was committed, Verizon revoke the reported data or delete the applicable trade lines.

37. Furthermore, on May 29, 2014, Plaintiff's bankruptcy attorney informed Verizon of the discharge of Plaintiff's debt through bankruptcy and the incorrect reporting.

**C.    Experian Failed to Reinvestigate The Debt Reported by Verizon**

38. On October 10, 2014, Plaintiff sent a letter to Experian requesting that it confirm that the Debt reported by Verizon was correctly reported "and that my rights have been protected."   Plaintiff further requested that the bureau document and send all relevant data within 30 days by "a thorough substantiation."  Plaintiff also stated that, should Experian be unable to comply within 30 days, "such charges should be deemed incorrect and …. You must cancel such bureau reports soon."

39. On January 9, 2015 and March 20, 2015, Plaintiff again requested that Experian verify the listings reported by Verizon, and provide detailed documentation.

40. On June 19, 2015, Plaintiff again asked that Experian "begin the process of preparing and forwarding, as quickly as possible, a substantive documentation showing that the following listings are without error on my Experian report," including the report from Verizon.  Plaintiff made another, similar request to Experian on July 17, 2015.

**D.    Defendants Failed to Investigate or Correct the Misreported Information**

41. Verizon and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report.

42. Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i.  In addition, Verizon failed to conduct an investigation as required by 15 U.S.C. § 1681s-2(b)(1)(A).

//

//

43. Verizon and Experian failed to review all relevant information provided by Plaintiff, as required by and in violation of 15 U.SC. § 1681i and 15 U.SC. § 1681s-2(b)(1)(B).

44. Due to Verizon's and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information.

45. Plaintiff's continued efforts to correct Verizon's and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Verizon and Experian have been fruitless.

46. Verizon's and Experian's continued inaccurate and negative reporting of the Debt in light of their knowledge of the actual error was willful.

47. Verizon's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

48. By inaccurately reporting account information relating to the Debt after notice and confirmation of their errors, Verizon and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

49. Despite receipt of the information to support Plaintiff's claims, Experian continued to inaccurately report the Debt.   To date, this derogatory mark remains on Plaintiff's credit report.

50. Due to Defendants' failure to investigate, Defendants failed to update Plaintiff's credit file with the correct information and continue to report inaccurate information in violation of the FCRA and CCCRAA.

51. By inaccurately reporting Plaintiff's alleged delinquency, Defendants failed to take reasonable procedures to assure maximum accuracy of information concerning Plaintiff credit file, in violation of the FCRA and CCCRAA.

52. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit and increased

costs for credit, including the costs associated with property rentals.  Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

**CAUSES OF ACTION**
**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681 ET SEQ.**
**[AGAINST ALL DEFENDANTS]**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

55. Defendants' violations include, but are not limited to the following:  Defendant Verizon violated 15 U.S.C. § 1681s-2(a)(1)(A) by furnishing the Plaintiff's information to a consumer reporting agency when Defendant knew or had reasonable cause to believe that the information was inaccurate.  In addition, Defendant Verizon violated 15 U.S.C. § 1681s-2(b) by, among other things, failing to conduct an investigation after receiving notice of the dispute.  Defendant Experian violated 15 U.S.C. § 1681i and 1681s-2(b)(1)(E) by failing to reinvestigate and modify, delete or block the reported information.

56. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, punitive damages, costs, and reasonable attorney's fees.

**COUNT II**
**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**
**CAL. CIV. CODE § 1785.1, ET SEQ.**
**[AGAINST DEFENDANT VERIZON]**

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA.

HYDE & SWIGART
San Diego, CA

59. In the regular course of its business operations, Verizon routinely furnishes information to credit reporting agencies pertaining to transactions between Verizon and Verizon's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

60. Because Verizon is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Verizon is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

61. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA, including but not limited to numerous willful, reckless or negligent violations of CCCRAA § 1785.25(a) *et seq*.

62. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages; statutory damages; and reasonable attorney's fees and costs.

### COUNT III
### NEGLIGENCE
### [AGAINST ALL DEFENDANTS]

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Verizon owed a duty to Plaintiff to correctly report while Experian owed a duty to Plaintiff to maintain accurate credit reports. In addition, Defendants owed a duty to investigate and reinvestigate when they were notified of the reporting dispute.

65. Defendants breached Defendants' respective duties by engaging in the acts described herein.

66. Plaintiff asserts that Defendants are each the actual and legal cause of Plaintiff's injuries.

67. Due to these violations, Plaintiff asserts that Defendants breached Defendants' respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As described herein, Plaintiff made numerous attempts to notify Defendants of their breaches, to no avail. Defendants' conduct demonstrates their conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each violation of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendant Verizon;

- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d);

HYDE & SWIGART
San Diego, CA

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- General damages according to proof;
- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein;
- Punitive damages according to proof against Defendants; and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 24, 2015                          Respectfully submitted,

**HYDE & SWIGART**

By:  /s/ Joshua B. Swigart
JOSHUA B. SWIGART, ESQ.
ATTORNEYS FOR PLAINTIFF